No. 6414.

## SAM MASSIE v. THE STATE.

AGGRAVATED ASSAULT—EVIDENCE—FACT CASE.—See the statement of
the case for evidence *held* to have been improperly admitted because
hearsay; and for evidence *held* insufficient to support a conviction for
aggravated assault because it shows that the violence inflicted by the
defendant was justified in resisting an illegal arrest.

APPEAL from the County Court of Parker. Tried below be-
fore the Hon. I. N. Roach, County Judge.

The conviction was for an aggravated assault upon J. A.
Rutledge. The penalty assessed by the verdict was a fine of
twenty-five dollars.

J. A. Rutledge was the first witness for the State. He testi-
fied that the offense for which this defendant was now prose-
cuted was committed upon him, the witness, as alleged in the
information, on the sixteenth day of June, 1888. The place of
the assault was at the gate of William Edgings's pasture, in
Parker county, Texas. It consisted of several blows inflicted
with a whip, in the hands of defendant, upon the head, arms
and hands of the witness, hurting him severely but not seri-
ously—the said whip being an instrument calculated to inflict
disgrace upon the witness. The assault was committed under
the following circumstances: Mrs. Sarah Lambert told Deputy
Sheriff E. E. Taylor that certain cattle belonging to her had
been stolen, and on the day before the assault Miss A. Lambert,
the daughter of Mrs. Sarah Lambert, told Taylor that on the
day previous she saw the defendant and two others driving the
said cattle. The witness and E. E. Taylor then went by the
house of Constable G. W. Taylor, and told him what they had
heard about the theft of the Lambert cattle, and E. E. Taylor
went home with witness and spent that night. G. W. Taylor
came to witness's house on the next morning, and he and E. E.
Taylor and witness went to Edgings's pasture to look for the
cattle and arrest the defendant. Arriving at the pasture, E. E.
Taylor directed witness to remain at the gate while he and G.
W. Taylor should go through the pasture. They expected to

find the cattle in that pasture, because Mr. Edgings, on that morning, told them that defendant and George Copeland, on the morning of June 14, drove the said cattle to his, Edgings's, lot, branded them, and then turned them into his, Edgings's, pasture. The said pasture was about ten miles from Mrs. Lambert's place. When witness took his position at the said gate, E. E. Taylor told him to remain there, and that if defendant, Copeland, Frank Kirby, or either of them, should come after the cattle, to hold them until he and G. W. Taylor got back. The Taylors had been gone about thirty minutes when the defendant rode up to the gate from the inside of the pasture. As he reached the gate witness advanced and placed his left hand on the neck of defendant's horse. After a few minutes of conversation, defendant said: "Well, I must be going." Witness replied: "Oh, no! Let's talk awhile." Defendant declined, when witness proposed: "Let's sing something like we used to when we went to singing school." The suggestion was vain—if not unfortunate—for instead of lifting up his voice in melody and song, the defendant viciously kicked his horse, and, as witness seized the reins to hold him, showered blows with his whip on the head of the witness, and on his arms and hands. Witness, however, clung to the bridle, and defendant, failing to release his grasp by using the whip on him, applied it to his horse, with as little success in releasing that animal. Thereupon he stretched forth his arm, pushed the bridle off his horse's head, and rode off, leaving the witness, literally, "with the bridle to hold." In all that he did on this occasion the witness acted by direction of Deputy Sheriff Taylor, who summoned him as a posse to assist in the arrest of defendant and others for stealing Mrs. Lambert's cattle.

On his cross examination the witness said that he was not a peace officer at the time of the arrest, and that he had no warrant when he attempted to arrest the defendant, nor did he know that a warrant had ever been issued for the arrest of defendant.

E. E. Taylor, deputy sheriff of Parker county, was the next witness for the State. He testified that on or about the date alleged in the information he received word from J. A. Rutledge, who lived about twelve miles from Weatherford, that some cattle had been stolen from his, Rutledge's, neighborhood. Witness went to Rutledge's house at once, and he and Rutledge went to see Mrs. Lambert, from whose possession, as the cus-

todian of the cattle for one Edwards, the owner, the cattle were alleged to have been taken. Mrs. Lambert and her daughter told witness and Rutlege that the defendant, George Copeland and Frank Kirby came to their place on the previous day and drove off two two-year old heifers. This part of the witness's testimony is the evidence held by this court to have been erroneously admitted, over the defendant's objection, as hearsay. The witness summoned Rutledge to go with and assist him in the arrest of defendant, Copeland and Kirby. Witness and Rutledge went by Constable G. W. Taylor's house that evening, reported the alleged theft to him, and then went to Rutledge's house, where they passed the night. On the next morning the witness, Rutledge and G. W. Taylor went to Edgings's pasture, where they expected to find the cattle. Rutledge was left at the pasture gate with instructions to arrest either or all of the said parties if they "showed up." The witness and G. W. Taylor then rode over the pasture in search of the cattle. .

On his cross examination the witness said that he had no warrant for the arrest of defendant, his purpose being to find him in possession of the cattle and arrest him. G. W. Taylor had no warrant for the arrest of defendant. Witness did not tell Rutledge that he had no warrant.

The State closed.

Constable George W. Taylor testified, for the defense, that C. Lemmons, justice of the peace of precinct number four, Parker county, lived about four miles from the house of Mrs. Sarah Lambert. The witness went with Deputy Sheriff Taylor and Rutledge to Edgings's pasture on the day of the alleged assault. He had no warrant for the arrest of defendant. The witness and the two said parties went to the pasture to find two certain two-year old heifers, said to have been placed in the said pasture two days before. Their purpose was to identify the animals, and they did not expect to find either the defendant or Copeland or Kirby in the pasture. On cross examination the witness said that he did not know where the defendant went to on the day of and after the alleged assault, but he fled the country and was gone about six months. It was the information of the witness that Sheriff Sisk finally arrested defendant in Kaufman county, on the charge of stealing the Lambert cattle—which case is still pending against him.

No brief on file for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge.  Objections of defendant to statements made by Mrs. Lambert to the State's witness, Taylor, were well taken and should have been sustained by the court, and the evidence excluded, being clearly hearsay testimony and inadmissible.

We are further of opinion that the evidence is wholly insufficient to support the verdict and judgment.   In our opinion the evidence shows most clearly a case of illegal arrest of defendant by Rutledge, the alleged injured party, and that defendant was jutifiable in using the force complained of in effecting his release.  (Willson's Crim. Stats., sec. 976; Meuly v. The State, 26 Texas Ct. App., 307.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*